LAURIE HALL SOTO, Plaintiff

v.

ANTHONY BRADSHAW, MAURICE FRANCIS, ADOLPHUS
HERBERT, ABRAMSON ENTERPRISES, INC., and
COUNTRY DAY SCHOOL, INC., Defendants

Civil No. 340-1971

District Court of the Virgin Islands

Div. of St. Croix

December 8, 1972

BRYANT, COSTELLO & BURKE, Christiansted, St. Croix, V.I., *for plaintiff*

ISHERWOOD & COLIANNI, Christiansted, St. Croix, V.I., *for defendants*

JOHN F. JAMES, ESQ., Christiansted, St. Croix, V.I., *for defendants*

J. MICHAEL SPENCER, ESQ., Frederiksted, St. Croix, V.I., *for defendants*

YOUNG, *Judge*

### MEMORANDUM OPINION AND ORDER

This action presents the question whether charitable immunity exists in the Virgin Islands. Plaintiff, Laurie Hall Soto ("Soto"), brought a suit for wrongful death against a number of defendants including the St. Croix

Country Day School, Inc. The school set up, by way of affirmative defense, the allegation that as a charitable institution it is immune from liability in tort. Soto thereupon moved to strike this from the pleadings as an insufficient defense pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Since I find that charitable immunity does not exist in this jurisdiction, the motion to strike will be granted.

This motion must be decided according to "the common law . . . as generally understood and applied in the United States."[1] No provision of the Virgin Islands Code discusses charitable immunity, and the current Restatement of Torts is also silent on the subject. We must therefore examine the case law from other jurisdictions and deduce from that the principle which is most widely accepted today. There are two criteria under which this examination might be made. First, the cases might be weighed on a strictly numerical basis, and the general understanding declared to be that view to which the most jurisdictions adhere. A second approach would emphasize that our goal is to seek out the "common law", and, in so doing, we recognize that the "common law" is in a state of continual change. We would therefore give relatively more weight to recent decisions on the theory that these will more accurately reflect the current understanding on any issue. I believe the second course is the preferable one. The importance of being current in an assessment of the common law is illustrated by the fact that the Restatements—legislatively designated as positive law in this jurisdiction—have had to go into a second edition. Still,

---

[1] 1 V.I.C. § 4. This section establishes the priorities to be followed in determining the rules of decision for this court, and provides as follows:

The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

this rule must be applied with some circumspection; it would not be appropriate for merely one or two recent decisions to overturn an otherwise settled line of authority.

However, under either test a claim of charitable immunity must fail. Approximately half of the nation's jurisdictions now repudiate such immunity, while the remainder are hopelessly split among different rationales and exceptions. See Prosser, The Law of Torts § 127 (3rd ed. 1964). Moreover, the current trend is still more markedly against recognition of this doctrine. Since the landmark decision in President and Dir. of Georgetown College v. Hughes, 130 F.2d 810 (D.C. Cir. 1942) (Rutledge, J.) charitable immunity has been "clearly in full retreat." Prosser, supra, at 1024. This common law rule seems to be clearly correct, and I find the reasoning of the Georgetown College case persuasive. It makes little sense to immunize any organization at the expense of an innocent victim of its negligence; and the worthy activities of a charity, like the operations of any other entity, can be protected against crippling lawsuits through liability insurance. An order will therefore be entered striking out the affirmative defense of charitable immunity.

### ORDER

For the reasons set forth above, plaintiff's motion to strike the defense of charitable immunity, as to the defendant St. Croix Country Day School, Inc., is hereby GRANTED.